Filed 1/8/26  Estate of Conner CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Estate of OLIVER W. CONNER, Deceased. | B340648 |
| JOACHIM REIDIESS, Petitioner and Appellant, v. COMPTON COMMUNITY COLLEGE DISTRICT et al., Respondents. | (Los Angeles County Super. Ct. No. 16STPB00075) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Brenda Penny, Judge.  Affirmed.

Jay Oberholtzer for Plaintiff and Appellant.

Ruttenberg Cutler Broomer and Stefanie S. Cutler; Benedon & Serlin, Judith E. Posner and Megan E. Walker for Defendant and Respondent Valerie Uribe.

Eick and Freeborn, William E. Eick and Tori J. Freeborn for Defendant and Respondent Compton Community College District.

———————————

This case involves the division of interests in an apartment building partially owned by decedent Oliver W. Conner. Approximately 50 years before his death, Conner entered into a contract with petitioner/appellant Joachim Reidiess dividing ownership of the property at 80 percent for Conner and 20 percent for petitioner. In an effort to secure a 100 percent interest in the property, petitioner filed a Probate Code section 850[1] petition seeking to invalidate the contract based on Conner's delivery of the deed to him in 1993. He was unsuccessful as the trial court granted a summary judgment motion filed by respondent Valerie Uribe.[2] Petitioner appeals the judgment that resulted from the order granting respondent's motion.

———————————

[1] Further statutory references are to the Probate Code.

[2] Uribe's title is "Administrator with Will Annexed of the Estate of Oliver W. Conner." "In probate proceedings, the court appoints a personal representative to administer the decedent's estate. 'That person or firm ordinarily is (a) an "executor" named as such in the decedent's will, (b) a successor to that executor, called and "administrator-with-the-will-annexed" or (c) an "administrator" where the decedent died without naming an executor.' [Citations.]" (*Estate of El Wardani* (2022) 82 Cal.App.5th 870, 880.)

Petitioner challenges the judgment on several grounds but primarily contends there exists a presumption in favor of delivery of the deed to him and that there remains a triable issue of fact regarding whether that presumption can be rebutted.  But petitioner fails to acknowledge an argument by respondent which the trial court found persuasive, i.e., in prior litigation, petitioner admitted facts pertaining to his interest in the property that are fatal to his section 850 petition.[3]  We are persuaded by respondent's unrebutted argument and affirm the judgment on that basis.

## FACTS

### I. *Background*

In 1976, petitioner and Conner purchased an apartment building on North Santa Fe Avenue in Compton California.  Conner paid 80 percent of the purchase price and petitioner provided the remaining 20 percent.  They formed a partnership in which the rental proceeds were to be split 80-20 with Conner receiving the 80 percent share.  Conner lived in California and managed nearly all aspects of the operation including but not limited to the collection of rent, payment of property taxes, and the distribution to petitioner of his 20 percent share of the profits.  Petitioner lived in Germany and did not assist in the business operations.

In either 2010 or 2011, Conner discovered that the sellers were still on the title to the property.  He sought legal counsel concerning a quiet title action, but no complaint was filed prior to him passing away in 2016.  The trial court appointed Conner's

---

[3]  Petitioner does not address the judicial admission in his opening brief, and he did not file a reply brief.

brother, Gary Pickett, as the administrator of Conner's estate.[4] On March 6, 2019, Pickett filed a complaint for quiet title of the property. The complaint alleged the estate sought to clear title to an "80 [percent] tenancy in common ownership interest in [the property]" and alleged petitioner lived in Germany and "own[ed] a 20 [percent] tenancy in common ownership interest in [the property] with [Conner's estate]."

Petitioner filed a January 29, 2020 answer to the quiet title complaint. He admitted the allegations in the complaint were "true and correct" and his prayer was "[f]or a judgment that [Conner's estate] and [petitioner] Joachim Reidiess are the owners in fee simple of [the property]" and for an order directing the title company to transfer title of the property to Conner's estate and petitioner.

On June 18, 2021, the trial court issued a judgment and order directing the title company to provide a grant deed to the property that reflects the estate (by way of respondent, as administrator) and petitioner are tenants in common, with an 80 percent interest belonging to the estate and the remaining 20 percent interest with petitioner.

## II. *The Section 850 Petition*

Petitioner relied on subdivision (a)(2)(C) of section 850—a provision that allows an interested person to request a court order "[w]here the decedent died in possession of, or holding title to, real . . . property, and the property or some interest therein is

---

[4] Pickett ultimately resigned as administrator and was replaced by respondent.

4

claimed to belong to another." The petition was signed by petitioner's counsel on January 7, 2021.[5]

Petitioner acknowledged the 1976 purchase and partnership agreements he had with Conner. He alleged that over next 40 years, he and Conner "became very good friends" such they would "often" speak on the telephone and "occasionally visit with each other." Petitioner "personally accompanied [Conner] on several occasions through difficult times of serious surgeries."

Petitioner claimed that in early 1993, during an in-person visit, petitioner told Conner that he was concerned if Conner passed away, petitioner would have "no security for his investment in the . . . property." After voicing this concern, Conner delivered the following documents to petitioner: (1) a grant deed to the property dated June 23, 1993; (2) a July 26, 1993 declaration titled "Declaration–Uninsured Deed"; and (3) a preliminary change in ownership dated September 21, 1993. The petition fails to specify the date these documents were given to petitioner but it does allege that all three were turned over to petitioner at the same time. Petitioner was unfamiliar with the documents and therefore did nothing with them.

Petitioner became aware of the quiet title litigation from a representative of Conner's estate. During the late summer of 2020, while in Germany, petitioner "happened to be discussing the pendency of the . . . litigation" with a group of people which included an attorney. He mentioned the documents given to him by Conner and was encouraged to seek legal counsel in Los

---

[5]    Petitioner elected to proceed with an appendix as the record on appeal. The copy of the petition included in the appendix does not reflect the date it was filed.

Angeles. Petitioner did so, then recorded the grant deed and filed the section 850 petition.

Petitioner took the position that "as a result of the delivery by [Conner] to [p]etitioner of the subject [g]rant [d]eed," he became the "sole owner in fee simple" of the property. Petitioner sought a court order requiring a representative of Conner's estate to transfer the property to petitioner and to award him the total of all related rents and profits received by the estate since Conner's death.

## III. *Summary Judgment*

Respondent's summary judgment motion was based on several grounds: (1) the grant deed did not constitute a *causa mortis* gift "in view of impending death" because such a gift is "revoked by the giver's recovery from the illness, or escape from the peril, under the presence of which it was made" and, in this respect, Conner lived for more than 22 years after his 1993 surgical procedures; (2) Conner did not make an irrevocable and immediate gift *inter vivos* because Conner continued to manage the property as he had done since 1976;[6] and (3) petitioner's admission in the 2020 quiet title action that Conner retained his

---

**6** A gift *causa mortis* is automatically revoked by the giver's recovery from illness and may be revoked by the giver at any time prior to death or in his or her will. (§§ 5702, subd. (a), 5704.) An *inter vivos* gift is irrevocable (see Civ. Code, § 1148; *Rosenberg v. Broy* (1961) 190 Cal.App.2d 591, 596) but it is not valid if the giver retains control over the property (*Blonde v. Estate of Jenkins* (1955) 131 Cal.App.2d 682, 686, accord *In re Marriage of Stephenson* (1984) 162 Cal.App.3d 1057, 1070.)

ownership interest demonstrated neither party had an intention to transfer title to the property.[7]

In opposition, petitioner argued that, because he produced the deed, the trial court should presume it was validly delivered regardless of whether Conner may have reserved some property rights, i.e., an 80 percent share of the profits. Petitioner reiterated he expressed his concern to Conner that he would have no security for his investment should Conner pass away and, in his supporting declaration, petitioner alleged Conner replied that he would "take care of that." He maintained that when Conner provided him with the three title documents he remarked "these will be good for you" and argued Conner "completely divested himself of any title when he delivered the [g]rant [d]eed to petitioner." Petitioner did not address the 2020 admission in the quiet title action.

The trial court collapsed the concepts of *causa mortis* and *inter vivos* gifts into one question: Did Conner gift the property to petitioner in 1993? It then relied on the admission in the quiet title action to answer the question in the negative — "[p]etitioner's [p]etition is premised on the allegations that [Conner] gifted him the [p]roperty in 1993, but those allegations are undermined by his judicial admission that as of January 29, 2020, [p]etitioner and [Conner's] estate owned the [p]roperty as tenants in common."

---

[7]     The Compton Community College District (CCCD) filed a declaration in support of the motion. The interests of the CCCD stemmed from Conner's will in that it reflected he left the residue of his estate to the CCCD.

## DISCUSSION

### I. *Appellate Review of Summary Judgment*

A party is entitled to summary judgment if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) "'A defendant moving for summary judgment bears the initial burden to show the plaintiff's action has no merit. [Citation.] The defendant can meet that burden by either showing the plaintiff cannot establish one or more elements of his or her cause of action or there is a complete defense to the claim. [Citations.] To meet this burden, the defendant must present evidence sufficient to show he or she is entitled to judgment as a matter of law. [Citation.]'" (*Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954, 962; see also § 437c, subd. (p)(2).)

"Once the defendant meets that burden, the burden shifts to the plaintiff to present evidence establishing a triable issue exists on one or more material facts. [Citations.] 'In deciding whether a plaintiff has met h[is] burden of proof, we consider both direct and circumstantial evidence, and all reasonable inferences to be drawn from both kinds of evidence, giving full consideration to the negative and affirmative inferences to be drawn from all of the evidence, including that which has been produced by the defendant.' [Citation.]" (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 889.) "[T]he court must consider all admissible evidence on the motion, except that to which objections have been sustained, and 'all inferences reasonably deducible' therefrom, except that summary judgment may not be granted based on such inferences if they are contradicted by other inferences or evidence that raises a triable issue of fact. [Citation.]" (*Y.K.A. Industries, Inc. v. Redevelopment Agency of*

*City of San Jose* (2009) 174 Cal.App.4th 339, 352–353.) "'An issue of fact can only be created by a conflict of evidence. It is not created by "speculation, conjecture, imagination or guess work." [Citation.]'" (*Carlsen v. Koivumaki, supra,* 227 Cal.App.4th at p. 889.)

"We independently review an order granting summary judgment. [Citation.] We determine whether the court's ruling was correct, not its reasons or rationale. [Citation.] 'In practical effect, we assume the role of a trial court and apply the same rules and standards which govern a trial court's determination of a motion for summary judgment.' [Citation.] We review for abuse of discretion any evidentiary ruling made in connection with the motion. [Citation.]" (*Shugart v. Regents of University of California* (2011) 199 Cal.App.4th 499, 504–505.)

## II. *Judicial Admission*

"'The admission of fact in a pleading is a "judicial admission." [Citation.] A judicial admission in a pleading is not merely evidence of a fact; it is a conclusive concession of the truth of the matter. [Citation.] . . . '[T]he trial court may not ignore a judicial admission in a pleading, but must conclusively deem it true as against the pleader.' [Citation.]" (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 187; see also *BMC Promise Way, LLC v. County of San Benito* (2021) 72 Cal.App.5th 279, 286 [a party who makes a judicial admission in a prior pleading is not at liberty to contradict the admitted fact].)

We need not address whether Conner's delivery of the title documents to petitioner amounted to a legitimate gift *causa mortis* or *inter vivos* because petitioner's January 2020 answer in the quiet title action admitted that he and Conner jointly owned the property. The trial court was not permitted to ignore the

admission made in petitioner's answer.  As a matter of law, he was precluded from taking a contrary position one year later in the section 850 action.

Petitioner did not address the judicial admission doctrine in the trial court and, on appeal, his opening brief omits any challenge to the trial court's reliance on the admission in granting summary judgment.  Moreover, while we recognize petitioner was not *required* to file a reply brief  (Cal. Rules of Court, rule 8.200(a)(3)), it is telling that petitioner turned a blind eye to respondent's argument that the judicial admission of joint ownership defeats his argument for a 100 percent interest in the property.  (See *Johnson v. English* (1931) 113 Cal.App.676, 677 ["[a]ppellant, by failing to file a reply brief, concedes that respondent's position is unassailable"]; *Campbell v. Ingram* (1918) 37 Cal.App.728, 732 ["[s]ince appellant has not deigned to reply to the argument of respondent, we have a right to assume that the former deems the argument of the latter unanswerable"].)

## DISPOSITION

The judgment is affirmed.  Respondents are to recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                        KUMAR, J.*

We Concur:



        HOFFSTADT, P. J.



        MOOR, J.

---

*        Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.